*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FIFTH THIRD BANK,

      Plaintiff-Appellee,

v

EMC2, INC and KENNETH C. DARGATZ,

      Defendants,

and

CHARRINGTON ESTATES, LLC,

      Appellant,

and

MARK KASSAB, Receiver,

      Appellee,

and

OAKLAND COUNTY TREASURER and
MCNAUGHTON-MCKAY ELECTRIC
COMPANY,

      Other Parties.

UNPUBLISHED
April 8, 2021

No. 351608
Oakland Circuit Court
LC No. 2017-158718-CB

Before: MURRAY, C.J., and JANSEN and STEPHENS, JJ.

JANSEN, J. (*concurring in part and dissenting in part*).

I concur with the majority's conclusion that appellant, Charrington Estates, LLC (Charrington), has standing because it was an aggrieved party eligible to appeal the trial court's final order. However, I respectfully dissent on the basis that, contrary to the majority, I would conclude that the trial court erred by failing to find that the receiver's possession and use of Charrington's real property constituted an expense of the receivership, and further, the trial court

abused its discretion by denying Charrington's request for payment of removal and cleanup expenses. I would reverse and remand for further proceedings.

In my view, the majority's determination that the trial court's finding that the amount of compensation owed to Charrington was equitable is premature: the issue of how much compensation Charrington may be entitled to under principles of equity is secondary to the issue of how to classify any reasonable compensation owed to Charrington. I agree with Charrington's position that after the receiver was appointed and took possession of Charrington's property, Charrington began providing services to the receivership in the form of continued possession of the premises in order to carry out the duties of the receivership. At this stage of the proceedings, Charrington was the owner of the property, and not simply another unsecured creditor. Therefore, I would conclude that the possession and use of Charrington's property constituted a receivership expense, and should have been included in the calculation of other receivership expenses such as the cost of the auction and the auctioneer. I would conclude that Charrington is entitled to fair-market rent for the possession and use of its property as an expense of the receivership.[1] Additionally, I find it important to note that what plaintiff believes to be equitable compensation is irrelevant when determining the total amount of receivership costs: if plaintiff believes that Charrington's compensation is inequitable, it is entitled to file an objection to any fees or expenses sought by the receivership under MCR 2.622(F)(4).

I would further conclude that the trial court abused its discretion by denying Charrington's request for reimbursement of removal and cleanup expenses. In my view, when the receiver took possession of the premises and continued to use the premises to store and auction off EMC2, LLC's property, it became responsible for the condition of the premises, including any costs associated with equipment removal, chemical disposal, and general cleaning. Contrary to the majority's conclusion, I do not agree that Charrington was responsible for providing the trial court with an inventory of items left by EMC2, LLC. Rather, I would conclude that in order to be reimbursed for reasonable expenses incurred, it was only required to submit an accounting of the costs actually incurred for removal and cleanup after the receiver vacated the premises.

On the basis of the foregoing, I would reverse and remand to the trial court to reconsider the total costs of the receivership, including fair-market rent and reasonable reimbursement for removal and cleanup expenses owed to Charrington.

/s/ Kathleen Jansen

---

[1] As Charrington concedes, any past-due rent owed by EMC2, LLC would be separate from any fair-market rent payments Charrington is entitled to from the receivership.